**Roger ATKINS, a single person; John Peel; Cheri Peel, Plaintiffs—Appellants,**

v.

**PRAXAIR INC, a Delaware corporation doing business in the State of Washington, Defendant—Appellee.**

No. 04–35846.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 5, 2006.

Decided May 26, 2006.

---

of this circuit except as provided by Ninth Cir. R. 36–3.

Richard H. Wooster, Esq., Mann & Johnson, Tacoma, WA, for Plaintiffs—Appellants.

Philip Raoul Lempriere, Esq., Catharine M. Morisset, Esq., Keesal Young & Logan, Seattle, WA, for Defendant—Appellee.

Before: MCKEOWN and CLIFTON, Circuit Judges, and EZRA,* District Judge.

## MEMORANDUM **

Roger Atkins, John Peel, and Cheri Peel (collectively, "Employees") appeal the district court's decision granting summary judgment against them, finding that their state court action was preempted and time-barred pursuant to § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. We have jurisdiction under 28 U.S.C. § 1291, and affirm.

■ We review de novo a grant of summary judgment. *Buono v. Norton,* 371 F.3d 543, 545 (9th Cir.2004). In doing so, this Court "must determine whether, viewing the evidence in the light most favorable to the nonmoving party, there are any genuine issues of material fact and

whether the district court correctly applied the relevant substantive law." *Lopez v. Smith,* 203 F.3d 1122, 1131 (9th Cir.2000). The district court's decision regarding preemption is also reviewed de novo. *Cramer v. Consol. Freightways, Inc.,* 255 F.3d 683, 689 (9th Cir.2001) (en banc).

■ Section 301 of the LMRA provides exclusive federal jurisdiction over "suits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a). A state law claim is preempted by § 301 of the LMRA when it "necessarily requires the court to interpret an existing provision of a [collective bargaining agreement] that can reasonably be said to be relevant to the resolution of the dispute." *Cramer,* 255 F.3d at 693; *Lingle v. Norge Div. of Magic Chef,* 486 U.S. 399, 405–06, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988) ("[I]f the resolution of a state-law claim depends upon the meaning of a collective-bargaining agreement, the application of state law ... is pre-empted[.]").

■ Although Employees' Complaint does not reference federal law, or cite to the LMRA, it specifically asserts that Praxair breached the terms and conditions of the collective bargaining agreement. The district court correctly determined that Employees' claims require interpretation of the collective bargaining agreement. *Lingle,* 486 U.S. at 404–06, 108 S.Ct. 1877. Employees' claims, including their state law claim for wrongful termination, are "inextricably intertwined with consideration of the terms of the labor contract," and are preempted by § 301 of the LMRA. *Allis–Chalmers Corp. v. Lueck,* 471 U.S. 202, 213, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985). Although Employees attempt to disavow that their claims

---

* The Honorable David Alan Ezra, United States District Judge for the District of Hawaii, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

were premised on breach of the collective bargaining agreement, and argue that they only allege wrongful termination in violation of public policy, the plain language of the Complaint belies this. Their claims of violations of state law are inextricably intertwined with their claims of breach of the collective bargaining agreement and require interpretation of the terms and provisions of their contract. Employees' claims are preempted by § 301 of the LMRA and removal was proper.

Having found that removal was proper and preemption applied, the district court correctly determined that Appellants' claims were time-barred under § 301. *See DelCostello v. Int'l Bhd. of Teamsters,* 462 U.S. 151, 155, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983) (applying six-month statute of limitation period found in § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b)); *United Parcel Service, Inc. v. Mitchell,* 451 U.S. 56, 60, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981) (applying most analogous state statute of limitation to evaluate the timeliness of general § 301 actions).

The district court also correctly determined that Employees' claims are barred by the parties' settlement agreement. " 'The construction and enforcement of settlement agreements are governed by principles of local law....' " *United Comm. Ins. Serv., Inc. v. Paymaster Corp.,* 962 F.2d 853, 856 (9th Cir.1992) (quoting *Jeff D. v. Andrus,* 899 F.2d 753, 759 (9th Cir.1989)). Under Washington law, settlement agreements are contracts governed by general principles of contract law. *In re Estate of Harford,* 86 Wash. App. 259, 936 P.2d 48, 50 (1997); *Morris v. Maks,* 69 Wash.App. 865, 850 P.2d 1357, 1359 (1993). When a contract is unambiguous, courts must enforce its terms according to their plain meaning. *Syrovy v. Alpine Res., Inc.,* 122 Wash.2d 544, 859 P.2d 51, 54 (1993).

By signing the settlement agreement, Employees released Praxair from "any and all claims" which they had at that time or which might have arisen out of or in connection with their employment at Praxair, whether based on state or federal law, common law, statute, Washington's Minimum Wage Act, or the Fair Labor Standards Act. This release included, but was not limited to, Employees' claims related to their wages or hours of work. Employees specifically agreed that they fully understood and voluntarily accepted the terms of the settlement of their lawsuit, and released Praxair from "any claims which could have been brought up until the present." These terms are clear and unambiguous and the district court correctly found that Employees had settled and released all of their claims against Praxair prior to filing their second state court action.

**AFFIRMED.**